CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 2 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY LEE HANKINS,<br>Petitioner, | Civil Action No. 7:09-cv-00390 |
| v. | **MEMORANDUM OPINION** |
| LARRY B. PALMER, et al.,<br>Respondents. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Ricky Lee Hankins, a Virginia inmate, wrote the court a letter that was docketed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hankins asked that the letter be served on Larry B. Palmer, the Clerk of the Circuit Court for the City of Lynchburg, and the Honorable Judge Mosby Parrow, a judge of the same court. Hankins appears to be generally complaining about his confinement instituted pursuant to an August 2009 state sentencing order. Hankins also complains about the manner in which he was convicted. However, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires a self-styled § 2254 habeas petition to substantially conform to the standard form included in the § 2254 Rules. Furthermore, a § 2254 petition should name the warden of the petitioner's current penal facility as the respondent. Moreover, a § 2254 habeas petitioner must exhaust state law remedies to challenge a conviction before filing a federal habeas petition. Hankins currently fails to meet any of these conditions to properly file a § 2254 petition. Hankins' letter does not substantially conform to the form petition, he does not name a proper respondent, and Hankins could not have exhausted his state law remedies within the past month.

If Hankins sought to file a 42 U.S. § 1983 civil rights action against the named respondents for his prison conditions, his suit would surely fail against them as it is currently presented. The named respondents, a judge and court clerk, have no relationship to the details of

his daily confinement. Similarly, Hankins would need to exhaust his administrative remedies for his prison-condition claims before filing suit in this court, and Hankins does not establish that he exhausted administrative remedies. Therefore, I find after reviewing Hankins' letter that the letter is not appropriately filed as a petition for a writ of habeas corpus, and I decline to construe it as a habeas petition or a civil rights complaint because it is premature in either case. However, I dismiss Hankins' claims without prejudice so he may refile at an appropriate time and in an appropriate form.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 22nd day of September, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge